```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN WASHINGTON,                                  :
                                                  :
                           Petitioner,            :
                                                  :
           -against-                              :         ORDER
                                                  :         CV-08-4835 (NGG)
ROBERT ERCOLE,                                    :
                                                  :
                           Respondent.            :
------------------------------------------------------------X
```
GOLD, S., U.S.M.J.:

In John Washington's petition for habeas corpus, he raises a single ground for relief: that he was denied due process because of a flawed identification lineup.[1] Washington argues that the lineup was flawed because the fillers were different from him in three material ways: 1) in hair, 2) in body type, and 3) in skin tone. In opposition to the habeas petition, respondent contends that defense counsel only objected to the variations in hair at the time of the lineup, thus leaving the other two grounds unpreserved for appeal. Resp. Opp. 2-3, Docket Entry 4. Indeed, on direct appeal, the Appellate Division held that petitioner's complaints about body type and skin tone were unpreserved. *People v. Washington*, 40 A.D.3d 1136, 1137 (2d Dep't 2007). Respondent contends that the Appellate Division's decision on these grounds is an adequate and independent state procedural bar that forecloses habeas review. Resp. Opp. 3-4. In response, Washington now seeks to stay his habeas petition to pursue collateral proceedings in state court, alleging that his trial counsel was ineffective for failing to object to the lineup with respect to the differences

---

[1] The Honorable Nicholas G. Garaufis has referred the habeas petition to me for a report and recommendation. Docket Entry 7.

in body type and skin tone.[2]  Pet. Mot., Docket Entry 6.

A.     *Petitioner's Motion to Stay*

The Supreme Court has stated that a stay in a habeas case is available "only in limited circumstances" and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  "A petitioner's reasonable confusion . . . will ordinarily constitute 'good cause'" to explain a failure to exhaust prior to the filing of a habeas petition.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  *See also Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (stating that the "good cause" standard "is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner'") (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)); *Whitley v. Ercole*, 509 F. Supp. 2d 410, 419-20 (S.D.N.Y. 2007) (applying *Pace* and finding petitioner's confusion was reasonable and constituted "good cause").  A district court, however, should not grant a stay when the unexhausted claims are "plainly meritless."[3]  *Rhines*, 544 U.S. at 277.

In his opposition to petitioner's motion for a stay, respondent argues that Washington's proposed motion to the New York state courts pursuant to Criminal Procedure Law Section

---

[2] It is not entirely clear whether petitioner seeks to pursue state collateral proceedings in order to establish "cause" for his procedural default, or whether petitioner seeks to exhaust his ineffective assistance claim so that he may move to amend his petition to add it.  *See* Pet. Mot. 3.

[3] It would also be an abuse of discretion to stay a habeas petition where a petitioner seeking a stay is engaging in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 278.  It does not appear that petitioner's application to stay his habeas petition while he pursues state court remedies is an intentionally dilatory litigation tactic.  Petitioner filed his motion seeking a stay shortly after respondent, in opposition to the habeas petition, alerted Washington to his failure to exhaust.

440.10 ("440 motion") is "plainly meritless." Resp. Stay Aff. ¶ 8, Docket Entry 10. That is so, respondent contends, because New York courts will conclude that Washington's ineffective assistance of counsel claim is procedurally barred pursuant to Section 440.10(2)(c) because he failed to raise it on direct appeal.[4] *Id.* at ¶¶ 8-9. Moreover, respondent argues that a denial of petitioner's 440 motion pursuant to subsection (2)(c) is an adequate and independent state ground that forecloses habeas review. *Id.* at ¶ 9.

Both the plain language of Section 440.10(2)(c) and its application by New York courts support respondent's argument. Indeed, New York courts routinely deny 440 motions alleging ineffective assistance of trial counsel pursuant to subsection (2)(c) where the claim of ineffectiveness was not raised on direct appeal despite a sufficient record to permit review. *See, e.g.*, *People v. Pacheco*, 50 A.D.3d 1063 (2d Dep't 2008); *People v. Maldonado*, 34 A.D.3d 497 (2d Dep't 2006). Moreover, the Second Circuit has explicitly held that, "[w]here the basis for a claim of ineffective assistance of counsel is well established in the trial record, a state court's reliance on subsection (2)(c) provides an independent and adequate procedural bar to federal habeas review." *Murden v. Artuz*, 497 F.3d 178, 196 (2d Cir. 2007). *See also Sweet v. Bennett*, 353 F.3d 135, 139-40 (2d Cir. 2003) (finding that petitioner's failure to raise an ineffective assistance of counsel claim on direct appeal – with respect to trial counsel's failure to object to

---

[4] Criminal Procedure Law Section 440.10(2)(c) provides that a
> court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

3

the jury charge – was waived pursuant to subsection (2)(c) and thus concluding that the claim was procedurally defaulted on habeas review).

Here, petitioner's proposed ineffectiveness claim is premised on trial counsel's failure to object at the lineup to the differences in the fillers' skin tone and body type. All of the facts pertinent to petitioner's claim, however, were clearly contained within the trial record. Indeed, appellate counsel raised each of these differences – hair, skin tone and body type – in arguing on direct appeal that the lineup was unduly suggestive. Pet. ¶ 8, Docket Entry 1. Although the facts supporting the underlying claims were thus apparent from the trial record, appellate counsel – an attorney other than the one who represented petitioner at trial, *see* Pet. ¶¶ 2, 6 – did not raise a claim of ineffective assistance based on trial counsel's failure to object to the differences. Accordingly, it is clear that the New York courts would deny petitioner's ineffectiveness claim pursuant to Section 440.10(2)(c) and that such a denial would be an adequate and independent state procedural bar that forecloses habeas review. *See*, *e.g.*, *Cruz v. Berbary*, 456 F. Supp. 2d 410, 414-15 (W.D.N.Y. 2006) (finding petitioner's claim of ineffective assistance of counsel claim unexhausted and procedurally defaulted, applying Section 440.10(2)(c) because petitioner had no justifiable reason, "especially since he had different counsel representing him," for not raising an ineffective assistance claim on direct appeal). For these reasons, I conclude that it would be futile and "plainly meritless" for petitioner to return to state court to pursue his ineffective assistance claim, and that it would therefore be an abuse of discretion to grant petitioner's request for a stay to pursue collateral proceedings in state court.

B. *Court's Request for Additional Materials*

In considering whether a lineup is unduly suggestive, the Second Circuit has stated that

> [w]hen the appearance of participants in a lineup is not uniform with respect to a given characteristic, the principal question in determining suggestiveness is whether the appearance of the accused, *matching descriptions given by the witness,* so stood out from all of the other[s] . . . as to suggest to an identifying witness that [that person] was more likely to be the culprit.

*U.S. v. Wong*, 40 F.3d 1347, 1359-1360 (2d Cir. 1994) (internal quotation marks omitted); *see also Raheem v. Kelly*, 257 F.3d 122, 134 (2d Cir. 2001) ("A lineup is unduly suggestive as to a given defendant if he meets the description of the perpetrator previously given by the witness and the other lineup participants obviously do not."). Here, I cannot locate any descriptions of the perpetrator in the pre-trial and trial transcripts. Moreover, respondent has failed to provide the court with copies of the parties' motion papers and the trial court's decision regarding the Wade Hearing.[5]

Respondent argues that the Appellate Division's finding that the lineup was not unduly suggestive "is entitled to a 'presumption of correctness' under 28 U.S.C. § 2254(e)" in any event and therefore review of the videotape of the lineup or other pre-trial and trial materials is unnecessary. Resp. Stay Aff. ¶ 11.

> The determination of whether a pre-trial identification was suggestive is a mixed question of law and fact. As a result, the statutory presumption of correctness that exists as to a state court's factual findings on habeas review, see 28 U.S.C. § 2254(e)(1), does

---

[5] Respondent has produced complete transcripts of the Wade and Sandoval hearings, and of the trial and sentencing proceedings (although they are not in chronological or numerical order), but the court has not yet fully reviewed the entire trial transcript for descriptions of the perpetrator. Respondent failed to provide the documents concerning the lineup referenced in paragraphs 6 and 11 of the affidavit, Docket Entry 4, or the surveillance video of the perpetrator, which may shed light on whether petitioner's hair, "matching descriptions given by the witness, so stood out from all of the other[s']."

5

> not apply in determining the constitutionality of the procedures in this instance. However, the statutory presumption of correctness does apply to any pure determination of fact made by the state courts.

*Holmes v. Artus*, 2005 WL 1027195, at *12 (S.D.N.Y. May 4, 2005). Even the presumption of correctness that applies to findings of fact may be overcome by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see also Holmes*, 2005 WL 1027195, at *15. Thus, this court on habeas review must consider whether the lineup was unduly suggestive with respect to any differences in hair. As noted above, however, respondent failed to provide the court with all necessary materials to assess petitioner's claims. Accordingly, within 30 days of this Order, respondent shall provide the court with copies of the motion papers and the trial court's decision with respect to the Wade hearing, *see* Resp. Aff. in Opp. ¶ 11, Docket Entry 4. In addition, respondent shall provide the court with citations to the trial or pre-trial transcripts where witnesses and victims described the perpetrator so that the court may evaluate petitioner's claim that his lineup was unduly suggestive due to any variations in hair by the fillers and petitioner.

Petitioner may file any Reply in support of his habeas petition within 60 days of this Order.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 15, 2009